UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Robert Kuhlman,<br><br>     Plaintiff,<br><br> v.<br><br>Eastpoint Recovery Group, Inc.,<br><br>     Defendant(s). | **COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff ROBERT KUHLMAN, by and through his attorneys, Law Offices of Stuart Werbin, complaining of the Defendant, hereby alleges as follows:

1. This is an action for damages brought by an individual consumer for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. (hereafter the "FDCPA"). The FDCPA prohibits debt collectors from engaging in abusive, deceptive, and unfair collection practices.

**JURISDICTION AND VENUE**

2. This Court has original jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343.  Venue is properly in this Court under 28 U.S.C. §§ (b)(2) and (b)(3), because a substantial part of the events giving rise to the claim occurred in this judicial district, and Defendant is subject to this Court's personal jurisdiction with respect to this action.

**PARTIES**

3. Plaintiff, Robert Kuhlman, is an adult residing in Richland, WA.

4. Defendant Eastpoint Recovery Group, Inc. is a business entity regularly engaged in the business of collecting debts in this State with its principal place of business located at 1738 Elmwood Ave, Suite 104, Buffalo, NY 14207. The principal purpose of Defendant is the collection of debts using the mails and telephone, and Defendant regularly attempts to collect debts alleged to be due another.

5. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3) of the FDCPA.

## FACTUAL ALLEGATIONS

7. Defendant Eastpoint Recovery Group, Inc. ("ERG") attempted to collect a debt allegedly owed by Plaintiff relating to consumer purchases allegedly owed to Synchrony Bank.

8. The debt at issue arises out of an alleged transaction which was primarily for personal, family or household purposes and falls within the definition of "debt" for purposes of 15 U.S.C. § 1692a(5).

9. Defendant ERG called Plaintiff on or about August 31, 2020.

10. During this call, ERG employee Julia Greenwood falsely claimed that ERG had filed litigation against Plaintiff, stating that a "claim was recently filed against you in this office." This was a false threat of legal action, in violation of the FDCPA. Defendant is not a law firm and cannot file lawsuits, and in fact no lawsuit had been filed.

11. Additionally, during this call ERG failed to state that it is a debt collector, in violation of the FDCPA.

12. Defendant knew or should have known that its actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring its actions within compliance with the FDCPA, but neglected to do so and failed to adequately review its actions to ensure compliance with said laws.

13. At all times pertinent hereto, Defendant was acting by and through its agents, servants and/or employees, who were acting within the scope and course of their employment, and under the direct supervision and control of the Defendant herein.

14. At all times pertinent hereto, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal law and the rights of the Plaintiff herein.

15. As a result of Defendant's conduct, Plaintiff has sustained actual damages including, but not limited to, emotional and mental pain and anguish.

## CLAIMS FOR RELIEF
(Fair Debt Collection Practices Act)

16. Plaintiff repeats and realleges the allegations contained in Paragraphs 1 through 15 herein.

17. The above contacts between Defendant and Plaintiff were "communications" relating to a "debt" as defined by 15 U.S.C. § 1692a(2) and 1692a(5) of the FDCPA.

18. Defendant violated provisions of the FDCPA, including, but not limited to, the following:

    (a) The use of any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. § 1692e-preface;

    (b) The false representation of the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A);

    (c) The false representation or implication that any individual is an attorney or that any communication is from an attorney, in violation of 15 U.S.C. § 1692e(3);

    (d) The threat to take any action that cannot legally be taken or that is not intended to be taken, in violation of 15 U.S.C. § 1692e(5);

    (e) The use of any false representation or deceptive means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692e(10);

    (f) The failure to disclose that the communication is from a debt collector, in violation of 15 U.S.C. § 1692e(11);

    (g) Engaging in unfair or unconscionable means to collect or attempt to collect any debt, in violation of 15 U.S.C. § 1692f.

19. As a result of the above violations of the FDCPA, Defendant is liable to Plaintiff for actual damages, statutory damages which can be up to $1,000.00, attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment in the sum of $10,000.00 be entered against Defendant as follows:

(a) That judgment be entered against Defendant for actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

(b) That judgment be entered against Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);

(c) That the Court award costs and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k(a)(3); and

(d) That the Court grant such other and further relief as may be just and proper.

## DEMAND FOR TRIAL BY JURY

Plaintiff hereby requests a trial by jury.

Dated: November 16, 2020

**Law Offices of Stuart Werbin**

By: /s/ *Stuart D. Werbin*
Stuart D. Werbin, Esq.
1620 Avenue I, Ste. 119
Brooklyn, NY 11230
Tel (646) 942-7464
Fax (347) 710-1015
werbinlaw@gmail.com
*Attorneys for Plaintiff*