**UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK**
_____

**ROBERT KUHLMAN,**

        **Plaintiff,**

v.                                                           20-CV-1679V(Sr)

**EASTPOINT RECOVERY GROUP, INC.,**

        **Defendant.**
_____

## DECISION AND ORDER

This matter was referred to the undersigned by the Hon. Lawrence J. Vilardo, in accordance with 28 U.S.C. § 636(b), for all pretrial matters and to hear and report upon dispositive motions. Dkt. #5.

Plaintiff commenced this action alleging violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq*. Dkt. #1. Specifically, plaintiff alleged that defendant's employee failed to identify herself as a debt collector and falsely claimed that defendant had filed litigation against plaintiff during a telephone call on August 31, 2020. Dkt. #1, ¶¶ 10-11. Plaintiff specified seven potential statutory violations resulting from defendant's conduct. Dkt. #1, ¶ 18(a)-(g).

Defendant filed it's Answer on December 23, 2020 and proffered an Offer of Judgment in the amount of $1,001.00 plus reasonable attorneys' fees and costs on January 4, 2021. Dkt. #8-1. Plaintiff accepted defendant's Offer of Judgment on January 5, 2021. Dkt. #8.

Currently before the Court is plaintiff's motion for $1,800 in attorneys' fees and $515 in costs. Dkt. #10. In support of his motion, counsel declares that he is a 2005 graduate of Fordham University Law School who has represented more than 200 plaintiffs in FDCPA actions, thereby justifying an hourly rate of $300. Dkt. #10-3. Counsel also declares that he expended 2.5 hours attempting to resolve this matter by drafting a pre-litigation demand letter to defendant and 3.5 hours drafting the complaint. Dkt. #10-3. Counsel attaches a copy of the pre-litigation demand letter requesting $5,500 to settle the matter. Dkt. #10-4. Counsel also attaches invoices for service of process of the complaint totaling $115. Dkt. #10-5. In addition to the cost of service of process, counsel seeks reimbursement of the $400 fee for commencing this action. Dkt. #10, p.5.

Defendant does not challenge the award of $515 in fees, but argues that $1,800 in attorneys' fees is unreasonable. Dkt. #13. More specifically, defendant argues that an hourly rate of $275 is sufficient. Dkt. #13, pp.3-5. Defendant also argues that 2.5 hours is excessive for a two-page pre-litigation demand letter given counsel's experience with FDCPA matters and that the time spent drafting a form complaint is excessive given that counsel had already completed the initial case analysis and legal research for the pre-litigation demand letter. Dkt. #13, pp.6-7. Defendant suggests that 3 hours of billable time is appropriate. Dkt. #13, pp.5-7.

Plaintiff's counsel replies that the pre-litigation demand letter and complaint both required many hours of research and drafting in order to create narrowly-tailored and specifically-detailed final products worthy of an FDCPA attorney. Dkt. #14, p.2.

The lodestar approach, whereby the number of hours reasonably expended on the litigation are multiplied by a reasonable hourly rate, governs the assessment of reasonable fees in Second Circuit. *Eades v. Kennedy, P.C. Law Offices*. 343 F.Supp.3d 104, 106-107 (W.D.N.Y. 2018). "The Court has broad discretion to determine whether the hours expended and the rates charged are reasonable, and the fee applicant has the burden to establish the reasonableness of both." *Id., citing Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The calculation of reasonable hours is "best made by the district court on the basis of its own assessment of what is appropriate for the scope and complexity of the particular litigation." *Dagostino v. Computer Credit, Inc.*, 283 F. Supp.3d 404, 413-414 (E.D.N.Y. 2017), *quoting New York State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1146 (2d Cir. 1983); *See Division 1181 Amalgamated Transit Union - N.Y. Emp.'s Pension Fund & Its Trs. v. D&A Bus Co., Inc.*, 270 F. Supp.3d 593, 619 (E.D.N.Y. 2017) (To determine whether the number of hours spent by counsel was reasonable, the Court will rely upon its experience with the case and understanding of the practice of law to exclude hours that appear to be excessive, redundant or otherwise unnecessary to the litigation). In assessing the reasonableness of the hourly rate sought, the Court should "consider the complexity and difficulty of the case, the expertise and capacity of counsel, the resources required to effectively prosecute the matter, the timing demands of the case, the attorney's interest in achieving the ends of the litigation, whether the attorney was acting *pro bono*, and other benefits expected by the attorney as a result of the representation." *Id., citing Arbor Hill Concerned Citizens Neighborhood Assoc. v. County of Albany*, 522 F.3d 182, 190 (2d Cir. 2008).

An hourly rate of $300 is reasonable for an experienced FDCPA attorney in this district. *See Faulkner v. Eastpoint Recovery Grp.*, 19-CV-1262, 2020 WL 7711278, at *2 (W.D.N.Y. 2020) (collecting cases). However, the Court agrees that the expenditure of six hours on a routine FDCPA claim that settled before the entry of a Case Management Order is excessive. Although the pre-litigation demand letter and complaint are both well-crafted, neither should have required a significant amount of legal research or distinct drafting for an attorney with significant experience in FDCPA claims. *See Datiz v. Int'l Recovery Assocs.*, CV 15-3549, 2020 WL 5899881, at *12 (E.D.N.Y. March 12, 2020) ("where the underlying FDCPA claims are neither novel nor fact intensive and are routinely brought by Plaintiff's counsel, there is a strong inference that counsel is not reinventing the wheel with every filing" and time billed should "reflect the knowledge, efficiency, and existing work product Plaintiff's counsel have presumably acquired and utilized in . . . litigating FDCPA cases."). Accordingly, the Court exercises its discretion to reduce the number of hours reasonably expended to four and hereby orders the defendant to pay plaintiff's counsel $1,200.00 in attorneys' fees and $515.00 in costs.

**SO ORDERED.**

DATED: Buffalo, New York
September 10, 2021

    **s/ H. Kenneth Schroeder, Jr.**
**H. KENNETH SCHROEDER, JR.**
**United States Magistrate Judge**